Case number 18-5370 Nicholas S. Stewart, Captain, United States Marines, Appellate, v. Thomas B. Modly, Acting Secretary of the Navy, in his official capacity. Mr. Giddings for the Appellate, Ms. Kirsten Vang for the Appellate. Good morning, members of the Court. May it please the Court, I am here with my client, Captain Nicholas Stewart, in the gallery. This is what I would consider a fairly straightforward application of regulation that the District Court got wrong below. What would help the Court, I think, is an explanation of the timeline where this case ended up. My client first applied for his ASIP, which is Aviation Career Incentive Pay, on the 10th of January 2014. It was denied on 15 April 2014 because he had a then expiring service date, which was in error and everyone knew it. His application followed after his EAS was cancelled on the 26th of November 2014. He forwarded his request again, but it was pushed back and he was told it had to have endorsements by his chain of command to move it forward. That occurred on 4 November 2014. The case was considered by the Assistant Secretary of the Navy on 12 December 2014, and the Assistant Secretary recommended approval for reasons that were set forth in his legal advisor's recommendation at the appendix, page 43. It was denied on 12 February 2015 by Secretary Mabus, who at the time provided no basis for denial, which had been recommended throughout the entire chain of command. Judge Berman heard the case. We fully briefed the case. On 1 May 2017, she remanded the case back to the Secretary for consideration to explain his basis for the decision, to provide a rationale. Secretary Mabus resigned on 20 January 2017, so there was no one there that he could explain his decision. The case rattled on for two years, seven months, and actually by three years, the Secretary Spencer made his decision. In his decision, none of the requirements of the regulation were complied. The ASIP application was sent back to the Marine Corps. At the point it becomes in the Marine Corps, the regulation states, it's in the JA, page 75, packages forward from the service headquarters for approval will include the member's dated individual narrative, providing a compelling line of reasoning for approval, detailing justification from the Navy or Marine Corps for recommendations of approval of the waiver and the individual's current months of flying. That was not included in the Deputy Commandant of the Marine Corps' forwarding endorsement. In fact, he said nothing about why the case should be or should not be denied or approved. And in fact, if he chose to deny it, the regulation allowed him to deny it. So the forwarding ahead suggests that the Deputy Commandant of the Marine Corps intended that my client's case be approved. At that point, the regulation requires that the Assistant Secretary of the Navy for Manpower and Reserve Affairs is to consider the application. The regulation provides, page 76 of the appendix, once received at ASN MNRA, the flight gate waiver request package will be reviewed for content, validity, and rationale and forwarded to the Secretary of the Navy with a recommendation to approve, disapprove, or to be returned to the Navy or Marine Corps for further action. That was excluded entirely in my client's case. The Assistant Secretary of the Navy never considered it, never provided a recommendation, never provided anything. The case was forwarded to the Secretary of the Navy, and on 19 December 2017, three years after my client's first submission of that application, it was denied. Three years where the case was not actually decided, my client's career obviously was damaged. All the people in his chain of command had changed. In fact, the Assistant Secretary and the Deputy Commandant of the Marine Corps all had changed. So there was no way to just explain the decision. So the Secretary, the new Secretary, Judge Spencer, who was later fired for lack of candor by the President of the United States, said that my client should not have the ASIP approved. So the focus, I gather, of the challenge is the process that the Secretary used to consider the package after the remand. So Judge Berman Jackson remands, and in your view, they should have gone back to the beginning of the chain of command and rerouted it back up? Correct, and that is what the requirement is for the consideration of a package to be considered by the Secretary of the Navy. Judge Berman said, well, there's no portion of the regulation that talks to what happens on a remand. Well, if there is no issue about remand, then the regulation applies. You apply the regulation as it's written, no interpretation. They'll speak to it, but my understanding is that the services view is that the remand was for explanation and that it was within the decision-maker's discretion to use the original package, all of which was positive to your client and complete as far as the relevant information. In fact, I could see a case in which your client was denied and it had gone back down through, and there was an objection to that. Let's say it goes back down through, people who don't know him as well have a second shot and they say less positive things. So I'm not sure what you're pointing to, that in the context of a remand, there needs to be a redo of positive recommendations that were already in the record. There had been three years of my client's service that had been not accounted for, that the Secretary considered when he considered my client's case. And, in fact, if you actually review page 39 of the Deputy Commandant's memo, action memo for the Secretary through the Assistant Secretary of the Navy, which never received, who never received it and never acted on it, he details what was provided to the Secretary, which is consistent with the regulation. Tab D is a chronological record of Captain Stewart's assignment history and current audit of his operational flight time. There's a discussion about the flight gates, and then it says, a waiverless flight gate will permit him to receive continuous ASIP through his 18-year of aviation service. Tab D is all of the previous requests, which includes the original ASIP request, M1RA recommendation letter, Secretary of the Navy disapproval letter, and all court transcripts. How the transcripts got put into this, that's a separate issue. But there's no indication that my client's service record was included in the matters that were provided to the Secretary in this memorandum from the Marine Corps. So where that happened, it's unclear. But the Deputy Commandant stated what he provided, and it included court transcripts, which really had nothing to do with the decision, and the original ASIP request. But there were two ASIP requests. Not one, but two. And his explanation as to the second one was, the Secretary of the Navy disapproved Captain Stewart's first waiver request on 13 February 2015, because he was pending legal actions. SNO was resubmitting to second waiver for consideration of his legal proceedings. The 13 February 2015 decision was returned to the Secretariat because of abuse of discretion and failure to comply with the regulations. So what was provided to the Secretary is not included and is inaccurate. I have a separate question, which is that in the secnavanced regulation in the appendix of your brief, and I guess it's also in the joint appendix of the page you've been pointing to, there's a reference to the services developing internal procedures for reviewing ASIP flight gate waiver packages and accounting for valid months of flying. Are those internal procedures in the record anywhere? They're not, and there has been none provided. The regulation is the regulation. There has been no adjustment to it. And so we believe that the Secretary was required to follow it. Thank you. I see my time is up, and I've saved two minutes for rebuttal. We'll hear from the government. I'm sorry, Your Honor?  Thank you. Thank you. Thank you. May it please the Court, I'm Dana Carusong for the Secretary of the Navy. The regulation here speaks to the initial creation of the package. The process was completed. This package included endorsements from everyone in the chain of command, as it needed to do in the creation of the initial package. The regulation doesn't control what the Secretary can look at in making that decision. Are there any procedures? It's the same question that I asked to Appellant. Are there any procedures pursuant to 5C3? Not that I'm aware of, Your Honor. So this regulation leaves it to the Secretary to make this determination about the needs of the service. Do you take into account the interim period delay caused by the litigation? So the Secretary's decision says it doesn't meet the needs of the service to grant this. He hasn't been flying. He met the minimum requirement to apply for this by only 15 days. He wasn't flying before the criminal proceeding. He hasn't been flying since the criminal proceeding. And then the Secretary took the extra step of looking at the personnel records to see if anything there, he said, compelled the exercise of discretion on Captain Stewart's behalf, and said no because Captain Stewart had consistently been in the bottom two-thirds and had been ranked as performing better than only 18 percent of his peers. Were there any references during that interim period that caused this? The period when there was a delay due to the litigation. In other words, did you fill in anything? Were any references coming up the line? Or did you just use the old record? So the package that was created, and what we're looking at, of course, is what the regulation requires. So the package had already been created, and it wasn't recreated. The Secretary, though. What about recreated? Was it updated? The package itself was not updated. The Secretary has the ability, though, to look at anything the Secretary thinks is relevant to this determination about the needs of the service. Well, in the original regulation, what's relevant includes what the references have to say. That's right. Why would they not be included in an updated consideration? In other words, the Secretary is being informed by those below, and now you have a long period that comes where there's no additional information, but we still want to know what's happening to the applicant, right? So the Secretary could have created a process where he got new recommendations on remand, but there's nothing that requires the Secretary to. Except that the Secretary did consider on his own motion things that occurred during that period, right? Right. So the Secretary, remember, this is a. . . Without any references from people who had worked with the applicant. Yes, Your Honor. Remember, this is a regulation that governs the initial creation of the package. We're only looking at whether there was compliance with this regulation. There was a package with endorsements from everybody in Captain Stewart's chain of command. So there was already a package where everybody in his chain of command recommended approval. Those endorsements were effectively undercut, as I understand the record, by the Secretary's sua sponte review of the period caused by the delay in the litigation. So the Secretary, without any further update from those in the chain of command below, decided that the record wasn't good but had no information coming from those below, right? Well, he had the personnel file, which had reviews and things. You might get more information from a different system where everybody gets a chance to comment on all developments in the interim. But this is a regulation where we're looking at compliance with this regulation, which is about channeling and weeding out requests and limiting what gets to the Secretary. And that is consistent with the statute, which says the Secretary doesn't have to grant these. It's his discretion for the needs of the service on a case-by-case basis. So nothing in either the statute or the regulation requires the creation of the process that is going to pull out every possible positive piece of information. Of course, it could have gone. I'm just trying to understand what the Secretary considered in the end analysis. Sure, so that's in the opinion. The regulation assumes the Secretary, when making the decision before the litigation, will consider a record, including references from those in the chain of command below. And so one wonders, well, why isn't the same requirement still in effect when because of a remand it goes back to the Secretary, and now the Secretary is doing it sua sponta, with no guidance from anyone below, whereas the regulation contemplates that there will be some guidance below. It isn't a matter of whether the Secretary has discretion or not, but that discretion is guided by references from below, right? The Secretary had all of those. I'm not talking about the prior information. I'm talking about there was a long period, by virtue of the litigation, where the applicant is still there and there's still information to be had about the applicant. And indeed, the Secretary did go look for that information, but with no guidance. So I'd like to answer that in two ways. One is specifically what the Secretary said that he looked at and why. And the other piece is what parameters there are and what the Secretary can look at and how the Secretary makes that decision. So in terms of the Secretary's decision, he said it doesn't meet the needs of the service because this is somebody who barely met the minimum requirement to even apply, had only exceeded that by 15 days, wasn't flying before the criminal conviction, didn't return to flying after the criminal conviction. And then he said, I looked in the personnel records to see if anything there compelled me to exercise my discretion on his behalf. And there was nothing that compelled that, he said, right, because this was somebody who was consistently in the bottom two-thirds and who had been ranked as performing better than 18 percent of his peers. Now, in terms of – How do you – I mean, right there, I would have trouble understanding. I'm sure the Secretary has more experience than I do, needless to say. But performing at the bottom two-thirds, it seems like that you might be performing better than, you know, three-fifths of your colleagues, and then it's performing better than only 18 percent. How did those – why are those two figures so different? So the two-thirds was consistently over time. Going back, if you look at, I think it's J70 and 71, it shows that performance review, and you can see, you know, over time consistently in the bottom two-thirds. And then I believe it was one ranking that put him only doing better than 18 percent. So I think the question is, given that it's supposed to come through the chain of command, and my understanding is that only strong waiver packages even reach the Secretary because it's a precondition for it getting to the Secretary that there be a detailed justification from the Navy or Marine Corps for recommendation of approval of the waiver. So if they aren't all behind the person, it doesn't even reach the Secretary. So I guess the question then is, if there's a sense in the service as a whole that the later information is needed, the information that's reflected in the personnel records, shouldn't that be filtered through those people who can put it into context and say, well, this was one, this was, you know, at a bad time, his grandfather died or, you know, whatever, and be able to either nix it before it goes up to the Secretary or put it in context  And isn't that what the applicant is complaining was missing? Is the chain of command evaluation and endorsement or not? I do think that's his complaint, but what we're looking at is compliance with this regulation, which as Your Honor pointed out, is about channeling and weeding out requests. That regulation, we went through that process. It would be very strange if on remand the Deputy Commandant had killed this outright or there had been negative recommendations and it hadn't gotten to the Secretary, right? So on remand, it went back to the Secretary. The Secretary, this is the Secretary's determination about the needs of the service. And the Secretary can look at whatever the Secretary wants to in making that determination, what the Secretary thinks is relevant. There is nothing in the statute or the regulations. Can you think of anything the Secretary might do that could require a court to reverse it? I mean, are you essentially saying it's unreviewable? Yes. No, you're not. In terms of, sorry. You think it's unreviewable? I mean, that's what it sounds like you're saying. Compliance with the regulation is reviewable, but the ultimate determination of the needs of the service, that's committed to agency discretion by law. You're no longer contending that that's jurisdictional, are you? No, we're not. And Captain Stewart hasn't pressed that argument. But to the extent that we're getting at whether the Secretary looked at the right things in determining whether something met the needs of the service, that is a judgment for the Secretary. Nothing in the statute, nothing in the regulations tells the Secretary what the Secretary needs to look at in determining whether something meets the needs of the service. I see I'm out of time if there are no further questions. Did counsel have any time left? Okay, you can take a minute. The questions have been to the nub of where we're at. The Secretary's needs of the service require his inputs from the Deputy Commandant from the Marine Corps and Reserve Affairs, and the Assistant Secretary of the Navy, Manpower and Reserve Affairs. That's required in the regulation. The ASN never saw this on remand, and the Deputy Commandant provided no recommendation whatsoever. So the regulation wasn't complied, and those two people for the Manpower and Reserve Affairs, they're the people that tell you what the service requires. What's good for the Marine Corps? The Commandant tells you. What's good for Manpower and Reserve Affairs? His primary assistant tells him. So the relief you're seeking is process. You're not seeking the court to order that the denial was inconsistent with the needs of the service. You're seeking process. Remand it back. Have it done right. Give him the opportunity to be heard in compliance with the regulation. And the entire case, if you read the first two pages of my reply brief, this case has been so uniquely blown by the Marine Corps and the Navy over and over and over. And if you look at page 35, Secretary Lutterloh's explanation, all the things that he had to fix to put my client back to some semblance of career. Thank you.
judges: Tatel, Pillard, Edwards